UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CASE NO. 23-223

| | |
|---|---|
| UNITED STATES OF AMERICA f/b/o SELECT DEMO SERVICES, LLC,<br>    Plaintiff<br><br>v.<br><br>ASTURIAN GROUP, INC.;<br>HARTFORD CASUALTY INSURANCE COMPANY,<br>    Defendants | COMPLAINT |

## JURISDICTION AND VENUE

There is federal court jurisdiction pursuant to 40 U.S.C. § 3131 (The "Miller Act").

## PARTIES

1. Plaintiff Select Demo Services, LLC ("Select Demo") is a foreign limited liability company registered to do business in Rhode Island, with a principal place of business at 40 Lowell Road, Building #2, Salem, New Hampshire, 03079.

2. Defendant Asturian Group, Inc. ("Asturian") is a foreign corporation registered to do business in Rhode Island, with a principal place of business at 760 Lynnhaven Parkway, Suite 200, Virginia Beach, Virginia 23452.

3. Defendant Hartford Casualty Insurance Company ("Hartford") is a foreign surety company authorized to do business in Rhode Island, with a principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.

## FACTS CCOMMON TO ALL COUNTS

4. The United States of America, acting by and through the United States Navy Naval Facilities Engineering Systems Command ("NAVFAC"), entered into a prime contract with defendant general contractor Asturian for a project known as "NUWC-B1176 COLUMBIA CLASS, Contract No. N4008516D3041-N4008519F7135" at the United States Naval Undersea Warfare Center in Newport, Rhode Island ("Project").

5. On information and belief, Asturian, as principal, and defendant Hartford, as surety, executed a payment bond required by 40 U.S.C. § 3131 securing payment of labor and materials furnished on the Project.

6. Plaintiff Select Demo entered into a written subcontract with Asturian to furnish labor and materials for the demolition work on the Project.

## COUNT ONE - CONTRACT
### (Asturian)

7. Select Demo realleges paragraphs 1 through 6.

8. The subcontract price was $42,500.

9. Select Demo furnished extra work ordered by Asturian for an agreed price of $34,108.

10. Select Demo completed its subcontract work and extra work on the Project.

11. The total of the subcontract work and extra work performed by Select Demo on the Project is $76,608.

12. Select Demo invoiced Asturian for its subcontract work and extra work on the Project.

13. On information and belief, Asturian has received payment from NAVFAC for Select Demo's subcontract work and extra work on the Project.

14. Asturian has paid Select Demo $66,108.

15. Asturian owes Select Demo a principal balance of $10,500, plus interest on late payments.

16. Select Demo has demanded payment, but Asturian has failed and refused to pay.

17. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Select Demo Services, LLC demands judgment against Asturian Group, Inc. for its damages, plus interest, costs and any other relief the Court deems appropriate.

## COUNT TWO - QUANTUM MERUIT
### (Asturian)

18. Select Demo realleges paragraphs 1 through 9.

19. Select Demo substantially completed in good faith its subcontract work and extra work on the Project, the fair value of which is $76,608.

20. Select Demo realleges paragraphs 12 through 16.

21. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Select Demo Services, LLC demands judgment against Asturian Group, Inc. for its damages, plus interest, costs and any other relief the Court deems appropriate.

## COUNT THREE - MILLER ACT
### (Asturian and Hartford)

22. Select Demo realleges paragraphs 1 through 21.

23. On information and belief, Asturian, as principal, and Hartford, as surety, executed a payment bond ("Bond") required by 40 U.S.C. § 3131 securing payment of labor

and materials furnished on the Project, as required by NAVFAC. In the Bond, Hartford agreed to be bound "jointly and severally with" Asturian to make payment to all persons having a direct contractual relationship with Asturian, or to any subcontractor of Asturian who furnished labor, material or both in the prosecution of the work provided for in the Prime Contract, in the event that Asturian failed to make prompt payment to such persons.

24. Select Demo sent written notice to Asturian within 90 days after furnishing the last of the labor and materials for which payment is claimed due in this complaint.

25. Ninety days have elapsed since the sums claimed became due.

26. This complaint was filed within one year after furnishing the last of the labor and materials for which payment is claimed due.

27. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Select Demo Services, LLC demands judgment against Asturian Group, Inc. and Hartford Casualty Insurance Company, jointly and severally, for its damages, plus interest, costs and any other relief the Court deems appropriate.

Plaintiff,
UNITED STATES OF AMERICA f/b/o
Select Demo Services LLC
By its Attorney,

Thomas W. Heald, Reg. #1694
Hannah M. Foye, Reg. #9648
HEALD & FOYE, LTD.
One Turks Head Place, Suite 420
76 Westminster Street
Providence, RI 02903
(401) 421-1500 telephone
(401) 331-5886 facsimile

Dated: 5/31/23
Plaintiff reserves the right to file additional counts.